UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSE GAMBOA

VERSUS

GREAT LAKES DREDGE & DOCK COMPANY, LLC OF LOUISIANA

CIVIL ACTION

NO. 20-18-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss for Lack of Personal Jurisdiction* (the "*Motion to Dismiss*") (Doc. 10) filed by Defendant Great Lakes Dredge & Dock Company, LLC[1] ("Defendant" or "GLDD"). Plaintiff Jose Gamboa ("Plaintiff" or "Gamboa") opposes the motion. (Doc. 12.) Defendant filed a reply. (Doc. 14.) Plaintiff was allowed to file a surreply based on new evidence presented in Defendant's reply (Doc. 15), and Plaintiff did so (Doc. 16). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted.

I.   **Relevant Factual and Procedural Background**

   A.  **The Underlying Incident**[2]

Plaintiff Jose Gamboa, a Jones Act seaman, was employed by Dann Ocean Towing and assigned to work as a deckhand on a barge owned and operated by GLDD. (*Compl.* ¶ 3, Doc. 1 at

---

[1] In the initial *Complaint*, Plaintiff named Great Lakes Dredge & Dock Company, LLC of Louisiana as the defendant. (Doc. 1). However, "for all intents and purposes, . . . Great Lakes Dredge & Dock Company, LLC of Louisiana is the same entity as Great Lakes Dredge & Dock Company, LLC, the only distinction being the 'of Louisiana' qualification solely with respect to GLDD's registration to conduct business as a foreign entity in Louisiana." (*Stone Aff.* ¶ 10, Doc. 10-2 at 2.)  Thus, the Court will drop the "of Louisiana" from this opinion.
[2] On January 9, 2020, Plaintiff filed a *Complaint* (Doc. 1) against GLDD.  Plaintiff subsequently filed an *Amended Complaint* (Doc. 2) to correct the date of the alleged incident.

1

1.) The barge was engaged in dredging operations near Jacksonville, Florida. (*Stone Aff.* ¶ 5, Doc. 10-2 at 2.)

On May 31, 2019 (*Am. Compl.*¶ 3, Doc. 2 at 1), Plaintiff secured his safety harness to a steel cable to avoid falling into the water while working near the edge of the barge. (*Compl.* ¶ 8, Doc. 1 at 2.) The plaintiff held onto the cable for balance, and the cable then split causing him to fall onto the deck of the barge. (*Id.* ¶ 9, Doc. 1 at 2.) The plaintiff suffered "severe, debilitating, disfiguring and permanent injuries to his back" from the fall. (*Id.* ¶ 9, Doc. 1 at 2-3.) Plaintiff alleges that the incident was a result of GLDD's negligence and the unseaworthiness of GLDD's vessel. (*Id.* ¶ 10, Doc. 1 at 3.) Plaintiff seeks damages, all costs of proceedings, and all general and equitable relief. (*Id.* ¶ 12, Doc. 1 at 4.)

### B. Relevant Procedural Background

On February 27, 2020, Defendant filed the instant *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 10.) In support of this motion, GLDD provided an affidavit of Cheryle A. Stone, Secretary Compliance & Corporate Governance Manager of GLCC, and GLDD's application to the Louisiana Secretary of State.

Plaintiff filed a *Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* ("*Opposition*") on March 18, 2020. (Doc. 12.) Defendant filed a *Reply Memorandum in Support of [GLDD's] [Motion to Dismiss]* ("*Defendant's Reply*") on April 1, 2020. (Doc. 14.) In support of this reply, GLDD provided the Declaration of Cheryle Stone.

Based on new evidence submitted with *Defendant's Reply* (Doc. 14), Plaintiff was allowed to file a surreply. (Doc. 15.) Plaintiff did so by filing a *Supplemental Memorandum in Opposition to Motion to Dismiss* ("*Supplemental Opposition*") on April 8, 2020. (Doc. 16.) In support of this surreply, Plaintiff provided as Exhibit 1 GLDD's Louisiana Contractor's License and as Exhibit 2

2

GLDD's business filing with the Louisiana Secretary of State.

### C. Evidence Submitted with the Motion

Stone's affidavit states that GLDD is a single-member limited liability company organized under Delaware law with its headquarters and principal place of business in Illinois. (*Stone Aff.* ¶ 14, Doc. 10-2 at 3.) GLDD is registered to conduct business in Louisiana under the name "Great Lakes Dredge & Dock Company, LLC of Louisiana" with the Louisiana Secretary of State's Office. (*Id.* ¶ 8.) The registration name included the "of Louisiana" addition because another entity named "Great Lakes Dredge & Dock Company" had already registered to conduct business in Louisiana, but no new entity was created by adding the "of Louisiana" qualification to the name. (*Id.* ¶¶ 8-9.)

No GLDD members, managers, or officers reside in the forum state. (*Stone Aff.* ¶ 15, Doc. 10-2 at 4.) GLDD manages regional dredging offices in New York, Florida, Texas, and overseas. (*Stone Decl.* ¶ 5, Doc. 14-1 at 1.) GLDD maintains yard locations in New York, Virginia, Louisiana, Missouri, and Arkansas. (*Id.* ¶ 6, Doc. 14-1 at 2.) GLDD has one regional yard in Morgan City, Louisiana and no other offices in the state. (*Id.* ¶ 7.) Defendant asserts that "7.48 percent of GLDD's projects have been located in Louisiana" and that "revenue from Louisiana projects comprises only 8.61 percent of its revenue from GLDD's nationwide and worldwide projects" within the last five years. (*Id.* ¶¶ 8-9.) Finally, "GLDD had only 2 Louisiana-based employees out of its total number of 1,737 employees in 2017; 2 out of its total number of 1,362 employees in 2018; and 3 out of its total number of 1,231 employees in 2019." (*Id.* ¶10.) GLDD has a Louisiana Contractor's License (Doc. 16-1) and a Louisiana Secretary of State Business Filing authorizing GLDD to transact business in Louisiana. (Doc. 10-2 at 6-10.)

## II.     Rule 12(b)(2) Standard

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A federal court cannot assert personal jurisdiction over a nonresident defendant "unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). The plaintiff bears the burden of proving personal jurisdiction with a *prima facie* showing. *Id.* "The court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC*, No. 16-448, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Johnson v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

There are two types of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-925, 131 S. Ct. 2846, 2853-2854, 180 L. Ed. 2d 796 (2011). "In deciding whether there is personal jurisdiction, the Court should first determine whether the connection between the forum and the circumstances giving rise to the suit can justify the exercise of specific jurisdiction." *O'Quin v. Fin. Servs. Online, Inc.*, No. 18-36, 2018 WL 5316360 (M.D. La. Oct. 26, 2018). A court may assert specific jurisdiction when the defendant has "minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In Re Depuy Orthopaedics, Inc. v. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, (5th Cir. 2018) (quoting *Daimler AG v. Bauman*,

4

571 U.S. 117, 126, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014)). Specific jurisdiction requires the lawsuit to relate to the defendant's contacts with the forum. *Roussel v. PBF Consultants, LLC*, 18-899, 2019 WL 3364321, at *2 (M.D. La. July 25, 2019). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.

The court must first look to the principal place of business and the place of incorporation to determine whether a corporation is "at home" in the forum state. *Daimler AG*, 571 U.S. at 137, 134 S. Ct. at 760. If the defendant has neither affiliation with the forum, the Court can look towards its contacts with the forum. *Id.* at 139 n. 20, 134 S. Ct. at 762. In measuring whether the corporation's contacts with the forum are sufficient to meet the "at home" standard, the activities must be examined "in their entirety, nationwide and worldwide." *Id.* The *Daimler* Court found that the in-forum corporate activity accounting for 10% of U.S. car sales and 2.4% of worldwide sales insufficient to establish general jurisdiction over the defendant. *Id.* at 123, 134 S. Ct. at 752. In exceptional circumstances, a court may assert general jurisdiction over a corporate defendant when its state of incorporation and principal place of business are not in the forum. *Id.* at 139 n. 19, 134 S. Ct. at 761 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952)).

### III. Discussion

#### A. Parties' Arguments

Defendant asserts that this Court lacks specific and general jurisdiction over GLDD. (*Motion to Dismiss*, Doc. 10 at 1–2.) Defendant argues that Plaintiff "fails to make a *prima facie* case that GLDD should be considered 'essentially at home' in Louisiana for purposes of exercising

5

general jurisdiction." (*Id.*) Thus, the Court must dismiss Plaintiff's claims for lack of personal jurisdiction. (*Id.* at 2.) GLDD also claims the Court lacks specific jurisdiction over it because "the incident at issue occurred in St. Johns, River, near Jacksonville, Florida, and not in Louisiana." (*Id.* at 1.)

Plaintiff alleges that "defendant is subject to personal jurisdiction in the Middle District." (*Compl.*, Doc. 1 at 1.) In his *Opposition*, Gamboa does not dispute the fact that the Court lacks specific jurisdiction over GLDD. (*See* Doc. 12.) Instead, Plaintiff argues that the Court has general jurisdiction over GLDD because of its "continuous and systematic contact in the State of Louisiana." (*See id*. at 1-2.) Plaintiff offers as evidence GLDD's website listing numerous projects GLDD completed in Louisiana such as dredging operations and coastal restoration projects. (*Id.* at 1.) Plaintiff also argues that the defendant "has been present in Louisiana for many years" and lists three projects in Louisiana completed by GLDD between 2015 and 2018 as well as one upcoming GLDD project in Louisiana. (*Id.*) Additionally, Plaintiff describes a permanent GLDD office in Morgan City, Louisiana with employees residing in Louisiana. (*Id.*) Therefore, Plaintiff argues, GLDD has sufficient "continuous and systematic contact" in Louisiana for this Court to have personal jurisdiction over GLDD. (*Id.* at 1-2.) Plaintiff states "[GLDD's] business of coastal restoration and dredging is a natural for the needs of this State." (*Id.* at 2.)

In *Defendant's Reply*, GLDD asserts that, because the incident at issue is unrelated to Defendant's contact with the forum, and because Plaintiff failed to assert any argument related to specific jurisdiction, the Court cannot assert such jurisdiction over it. (Doc. 14 at 1-2.) GLDD also argues that the Court lacks general *in personam* jurisdiction in Louisiana because GLDD's business activities here do not satisfy the "at home" standard. (*Id.*) In sum, Plaintiff failed to meet his burden to prove either specific or general jurisdiction over GLDD. (*Id.* at 1.)

In *Plaintiff's Supplemental Opposition*, he argues that the exceptional example of a court asserting general jurisdiction over a corporation neither incorporated in the forum nor having its principal place of business in the forum, *Perkins v. Benguet Consolidated Mining Co.*, controls the instant case. (Doc. 16 at 1.) Plaintiff also relies on tests from *International Shoe*, 326 U.S. at 317-320, 66 S. Ct. at 158-60 (1945), contending that GLDD's Contractor's License in Louisiana (Doc. 16-1) as well as business filings with the Louisiana Department of State (Doc. 16-2) make it "reasonable and just to subject the corporation to the jurisdiction of that state." (*Pl.'s Suppl. Opp'n*, Doc. 16 at 3.) GLDD holds a Louisiana Contractor's license and has been licensed since 1956. (*Id.* at 2.) Plaintiff concludes, "GLDD has subjected itself to be sued in Louisiana by its systematic and regular activities in this State." (*Id.* at 3.)

### B. Analysis

#### 1. Specific Jurisdiction

In short, the Court does not have specific jurisdiction over GLDD. First, Plaintiff does not assert any arguments to support the Court having specific jurisdiction over GLDD in his *Complaint* (Doc. 1), *Opposition* (Doc. 12), or *Supplemental Opposition* (Doc. 16.) This alone is sufficient to support the Court's conclusion. *See Malbrough v. Stelly*, No. 19-30269, 2020 WL 2507355, at *3 n.7 (5th Cir. May 14, 2020) (noting that "inadequately briefed arguments are forfeited") (citing *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018)). Second, since the alleged incident occurred outside of Louisiana, there is no connection between the alleged incident and the forum. Thus, the Court cannot assert specific jurisdiction over Defendant. *See Goodyear*, 564 U.S. at 919, 131 S. Ct. at 2851 (2011) ("[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.") (internal citations omitted).

### 2. General Jurisdiction

Because Plaintiff fails to meet his burden of establishing specific personal jurisdiction over GLDD, Plaintiff must establish a *prima facie* showing of general jurisdiction in order for the Court to assert *in personam* jurisdiction over GLDD. In conducting this analysis, the Court must look to the overall contact with the forum State to determine whether Defendant is essentially at home in the forum. *Id*.

Plaintiff asserts that GLDD's activities in the forum state are "continuous and systematic in the State of Louisiana." (*Pl's Opp'n*, Doc. 12 at 2.) However, this is not the appropriate standard for general *in personam* jurisdiction. *See Daimler*, 571 U.S. at 138 ([T]he words 'continuous and systematic' were used in *International Shoe* to describe instances in which the exercise of *specific* jurisdiction would be appropriate."). General jurisdiction requires "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities*." *Id.* (quoting *International Shoe*, 326 U.S. at 318, 66 S. Ct. 154). "In light of the Supreme Court's decision in *Daimler*, the question before the Court for purposes of general jurisdiction is not whether [the defendant's] contacts with the forum are continuous and systematic but whether its affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum State." *Firefighters' Ret. Sys. v. Royal Bank of Scotland PLC*, No. 15-482, 2016 WL 1254366, at *4 (M.D. La. Mar. 29, 2016) (quoting *Daimler AG*, 571 U.S. at 127) (internal quotations omitted). For corporate defendants, courts look primarily to the place of incorporation and the principal place of business to determine whether the corporation is at home in the forum state. *Daimler AG*, 571 U.S. at 137. Although GLDD is a foreign limited liability company rather than a corporation, the *Daimler* court applied the same "at home" test to both its corporate

defendant, Daimler, and its LLC subsidiary, MBUSA. *Id.* at 118.

Applying the *Daimler* test to GLDD, Defendant is at home in both Delaware, the state in which the LLC was formed, and Illinois, the state of its principal place of business. (*See Stone's Aff.* ¶ 14, Doc. 10-2.) It is undisputed that GLDD was not formed in Louisiana, and its principal place of business is not Louisiana. None of the officers or managers of GLDD reside in Louisiana. (*Stone's Aff.* ¶ 15, Doc. 10-2 at 4.) It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Therefore, the Court must find this case to be an exceptional circumstance to assert general jurisdiction over GLDD based on its activities in Louisiana. *See Patterson v. Aker Solutions, Inc.*, 826 F.3d 231, 234 (5th Cir. 2016).

Plaintiff contends GLDD's licensing, registration, and appointed agent for service of process in Louisiana are a basis for general jurisdiction. (*Suppl. Opp'n*, Doc. 16 at 3.) However, these activities are insufficient to establish general jurisdiction. *See Firefighters' Retirement Sys.*, 2016 WL 1254366, at *4-5 (citing *DNH, LLC v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 565 (E.D. La. 2005) ("Qualifying to do business in a state and appointing an agent for service of process there do not amount a 'general business presence' of a corporation that could sustain an assertion of general jurisdiction.")); *see also Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181-82 (5th Cir. 1992) ("While . . . being qualified to do business, may on its face appear to be significant, it is of no special weight in evaluating general personal jurisdiction.") (internal quotations and citations omitted).

In support of the Court asserting general *in personam* jurisdiction over GLDD, Plaintiff asserts that this case is similar to the exceptional case, *Perkins*, in which the Supreme Court conferred general jurisdiction over a defendant that was incorporated and had its principal place

9

of business outside the forum. (*Suppl. Opp'n*, Doc. 16 at 1.) Plaintiff points to GLDD's other contacts with Louisiana (including past and upcoming Louisiana projects, full time employees residing in Louisiana, and the state's need for the work GLDD does) as sufficient to assert general *in personam* jurisdiction. (*Opp'n*, Doc. 12 at 1-2; *Suppl. Opp'n*, Doc. 16 at 1-3.) It is the only recent case in which the Supreme Court found general jurisdiction over a non-resident defendant. *Patterson*, 826 F.3d at 235.

However, *Perkins* is distinguishable from the instant case. In *Perkins*, the corporate defendant was relocated from the Philippines to Ohio during World War II. *Perkins,* 342 U.S. at 447, 72 S. Ct. at 419. While in Ohio, the company president maintained an office, kept office files, carried on correspondence, distributed salary checks, held meetings, and used bank accounts of company funds. *Id.* at 447-48, 72 S. Ct. at 419. The business operations in Ohio were "continuous and systematic supervision of the necessarily limited wartime activities of the company." *Id.* at 448, 72 S. Ct. at 419. The Supreme Court reasoned that, under these unique circumstances forcing the defendant to relocate to Ohio, the Court could assert general *in personam* jurisdiction over the corporate defendant without violating Due Process. *Id.*

Unlike *Perkins*, where the defendant was uprooted from the Philippines and forced to temporarily run the majority of its corporate operations from Ohio, GLDD continues to operate out of its Illinois headquarters. (*Stone Decl.* ¶ 5, Doc. 14-1 at 1.) Plaintiff argues that the contractor's license, business registration, regional yard, three full time employees, three completed projects, and one upcoming project as a sufficient basis for the Court to assert general jurisdiction over GLDD, but these contacts are relatively small when compared with the facts of *Perkins*. The projects comprised less than eight percent of GLDD's within the last five years. (*Stone Decl.* ¶ 8, Doc. 14-1 at 2.) Furthermore, the Fifth Circuit has held that having a small

number of employees located within the state is insufficient to establish general jurisdiction over a corporate defendant. *See Patterson*, 826 F. 3d at 236. The contacts GLDD had with Louisiana do not "give rise to the level of those described in *Perkins*," and no "exceptional circumstances exist" to consider GLDD essentially at home in a state other than Delaware or Illinois. (*Def.'s Reply,* Doc. 14 at 4.) Because GLDD's contacts with Louisiana were significantly less extensive, and because most of the corporate operations take place outside of Louisiana, *Perkins* is not determinative, as it is distinguishable from the facts of this case.

In addition to distinguishing *Perkins*, Defendant relies on recent district court cases which found an insufficient basis for asserting general jurisdiction over a corporate defendant with its state of incorporation and principal place of business outside the forum. (*See Def.'s Reply*, Doc. 14 at 4.)  The Court finds these cases analogous.

For example, in *Galloway v. Illinois Central Railroad*, the court found that the corporation's contacts with the forum, including having 10% of its employees in the forum and 14% total investments in the forum, were insufficient to assert general jurisdiction. *Galloway v. Ill. Cent. R.R.*, No. 18-14038, 2019 WL 2716947, at *1-2 (E.D. La. June 28, 2019). Since GLDD had even fewer contacts with Louisiana than the *Galloway* defendant, the reasoning and result apply *a fortiori*.

Another similar post-*Daimler* district court decision, *Norman v. H&E Equipment Services, Inc.*, held that a corporation with neither its principal place of business nor its state of incorporation in the forum lacked sufficient contacts for the court to assert general jurisdiction over the corporation. *Norman v. H&E Equip. Servs., Inc.*, No. 3:14-CV-367, 2015 WL 1281989, at *5 (M.D. La. March 20, 2015). In *Norman,* the corporate defendant owned three chemical plants in Louisiana (the forum State) and operated plants in over 90 countries. *Id.* at *4. This Court held that

11

operating three plants in the forum was insufficient to assert general jurisdiction over the defendant when the corporation was not incorporated in the forum, had its principal place of business outside the forum, and operated plants in more than 90 countries. *Id.* at *5. This Court reasoned "the three plants operated in Louisiana would make up only three percent of its worldwide operations. This is not enough to justify Louisiana asserting general jurisdiction over DuPont." *Id.* at *4. Both *Galloway* and *Norman* support this Court's finding that it is does not have a sufficient basis to assert general jurisdiction over GLDD.

Finally, Plaintiff relies upon general fairness factors from *International Shoe*. (*Supp. Opp'n*, Doc. 16 at 3.) However, *International Shoe* dealt with specific jurisdiction because it examined the activities the defendant had with the forum that gave rise to the suit at hand. *See International Shoe*, 326 U.S. at 317; *see also Perkins*, 342 U.S. at 445-46, 72 S. Ct. 413. Specific jurisdiction is not in question in this case, so the factors set forth in *International Shoe* are inapplicable.

In sum, the Court finds that Plaintiff has failed to satisfy his burden of establishing that Defendant is subject to general or specific jurisdiction. Consequently, this case must be dismissed.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss for Lack of Personal Jurisdiction* (Doc. 10) filed by Defendant Great Lakes Dredge & Dock Company, LLC is **GRANTED**, and the claims against Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Signed in Baton Rouge, Louisiana, on July 30, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**